UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES W. GRAHAM, III., | CASE NO. 1:18-CV-1939 |
| Plaintiff, | |
| v. | UNITED STATES MAGISTRATE JUDGE GEORGE J. LIMBERT |
| ANDREW M. SAUL[1], COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION & ORDER |
| Defendant. | |

James W. Graham, III. ("Plaintiff") requests judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. In his brief on the merits, Plaintiff asserts that substantial evidence is lacking for the administrative law judge's ("ALJ") mental residual functional capacity ("MRFC") determination because he did not properly evaluate the medical opinions of two agency reviewing psychologists. ECF Dkt. #15. For the following reasons, the Court AFFIRMS the decision of the ALJ and DISMISSES Plaintiff's case in its entirety WITH PREJUDICE.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on June 17, 2015, alleging disability beginning October 21, 2014 due to back and spine arthritis, no use of the right hand and arm, and heart problems. ECF Dkt. #11 ("Tr.") at 69-70, 109-110, 233, 237, 264.[2] The Social Security Administration ("SSA") denied his applications at the initial level and upon

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security, replacing acting Commissioner Nancy A. Berryhill.

[2] All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

1

reconsideration. *Id.* at 151-181. Plaintiff requested a hearing before an ALJ, and the ALJ held a hearing on September 15, 2017, where Plaintiff was represented by counsel and testified. *Id*. at 31, 182. A vocational expert ("VE") also testified. *Id.* at 31.

On February 6, 2018, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. Tr. at 11-23. Plaintiff requested that the Appeals Council review the ALJ's decision, and the Appeals Council denied his request for review on July 16, 2018. *Id*. at 1-5.

On August 23, 2018, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. He filed a merits brief on January 27, 2019 and Defendant filed a merits brief on March 28, 2019. ECF Dkt. #s, 15, 17.  Plaintiff filed a reply brief on April 10, 2019.  ECF Dkt. #18.  The parties consented to the authority of the Magistrate Judge on December 10, 2018.  ECF Dkt. #13.

## II. RELEVANT PORTIONS OF ALJ'S DECISION

On February 6, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 11-23. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 21, 2014.  *Id.* at 14.  The ALJ further determined that Plaintiff had the severe impairments of: degenerative disc disease ("DDD") at L4-L5, L5-S1 with spondylosis and foraminal narrowing of lumbar spine; DDD at C5-C6, C6-C7, with disc and foraminal narrowing of cervical spine; chronic motor axon loss in right pronator teres and flexor pollicis longus muscles with no evidence of ongoing denervation; coronary artery disease; status post myocardial infarction and stent placement; essential hypertension; hyperlipidemia; migraines; GERD; depression; and borderline intellectual functioning ("BIF").  *Id*. He further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Subpart P, Appendix 1. *Id.* After considering the entire record, the ALJ found that Plaintiff had the RFC to perform a light work, but with the following limitations: occasional reaching overhead with the left and the right; frequently reaching in all other directions with the left and the right; frequently handling with the left and the right; frequently fingering with the right; occasionally climbing ramps and stairs; never climbing

ladders, ropes, or scaffolds; occasionally balancing, stooping, kneeling, crouching, and crawling; never be exposed to unprotected heights, moving mechanical parts, or operating a motor vehicle; frequently being exposed to humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold and heat; performing simple, routine and repetitive tasks, but not at a production rate pace, i.e., assembly line work; simple work-related decisions in using his judgment and dealing with changes in the work setting; frequent interaction with supervisors and occasional interaction with the public; and the requirement of a cane to ambulate. *Id.* at 16-17.

The ALJ determined that Plaintiff was unable to perform any past relevant work, was an individual closely approaching advanced age on the alleged disability onset date, had at least a high school education, and could communicate in English. Tr. at 21. Next, the ALJ indicated that the transferability of jobs skill was not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the Plaintiff is "not disabled," whether or not the Plaintiff has transferable job skills. *Id.* at 21-22. Considering Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that jobs existed in significant numbers in the national economy that Plaintiff could perform, such as the representative occupations of office helper, copy machine operator, or car wash worker. *Id.* at 22. For these reasons, the ALJ found that Plaintiff had not been under a disability, as defined in the Act, from his alleged onset date through the date of his decision. *Id.* at 23.

### III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to Social Security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, *see* 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted)). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be

4

affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole*, 661 F.3d at 937 (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009)) (internal citations omitted). Therefore, even if an ALJ's decision is supported by substantial evidence, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V. LAW AND ANALYSIS

In his sole claim of error, Plaintiff first asserts that the ALJ lacks substantial evidence for his MRFC determination because he failed to properly evaluate the medical opinions of state agency reviewing psychologists, Drs. Tangemen and Zeune. ECF Dkt. #15 at 12-14. Specifically, Plaintiff avers that the ALJ failed to follow Social Security Ruling 96-8p in evaluating the medical opinions of these psychological consultants. *Id.*

On November 24, 2015, Dr. Tangeman, Ph.D., a state reviewing psychologist, examined the records in Plaintiff's case and completed the psychiatric review technique assessment and mental RFC assessment. Tr. at 81-82, 85-87. He considered Listing 12.02 for organic disorders and Listing 12.04 for affective disorders, and found that Plaintiff was moderately limited in: remembering locations and work-like procedures; understanding and remembering very short and simple instructions; maintaining attention and concentration for extended periods; performing activities within a schedule, maintaining regular attendance, and be punctual; sustaining an ordinary routine without special supervision; completing a normal workday and workweek without interruptions from psychologically-based symptoms and performing at a consistent pace without an unreasonable number and length of rest

periods; interacting with the general public; accepting instructions and responding appropriately to criticism from supervisors; getting along with coworkers and peers; maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness; responding appropriately to changes in the work setting; and setting realistic goals or making plans independently of others. *Id*. at 85-87. Dr. Tangeman opined that Plaintiff was markedly limited in understanding and remembering detailed instructions and not significantly limited in all other areas. *Id*. Dr. Tangemen concluded that Plaintiff was moderately limited in activities of daily living, maintaining social functioning, and in maintaining concentration, persistence, or pace. *Id*. at 81.

Dr. Tangemen further explained that Plaintiff's memory functions were commensurate with his intellect and he could understand and remember simple instructions. Tr. at 85. He indicated that Plaintiff "may require some repetition and instructions should be presented orally while being offered demonstration." *Id.* Dr. Tangeman also concluded that Plaintiff's concentration and pace were variable and that:

> Somatic focus serves to magnify his sx, thereby impinging upon sustainability. Nonetheless, he can maintain attention, make simple decisions, and adequately adhere to a schedule. He would need some flexibility in terms of time limits and production standards.

*Id.* at 86. He also opined that:

> Claimant can relate adequately on a superficial basis in an environment that entails infrequent public contact, minimal interaction with coworkers, and no over-the-shoulder supervisor scrutiny.

*Id.* Dr. Tangeman further explained that:

> Clmt would need assistance in adapting to change in the daily routine. Changes should be introduces[sic] infrequently and gradually. Clmt may need assistance if making independent decisions regarding work goals.

*Id*. at 86-87. He also noted that "Cl was able to obtain a GED. Unconventional but, capable of superficial social interactions." *Id.* at 87. On March 15, 2016, Dr. Zeuen, Psy.D., affirmed the findings and conclusions of Dr. Tangeman upon reconsideration. *Id*. at 119-121, 124-128.

Plaintiff contends that the ALJ committed error by failing to explain why he

6

attributed great weight to the opinions of Drs. Tangeman and Zeune, but failed to include in his MRFC for Plaintiff their opinions that Plaintiff would need "repetition of instructions, assistance in making decisions regarding work goals, and no over-the-shoulder supervisor scrutiny." ECF Dkt. #15 at 14. Plaintiff asserts that since the ALJ excluded these limitations, he contradicted the "great weight" that he attributed to these opinions and was therefore required to explain this contradiction as required by SSR 96-8p. *Id.*

The undersigned notes that Dr. Tangemen and Dr. Zeune are both agency reviewing psychologists. State agency consultants are highly qualified specialists and experts in Social Security disability evaluation. ECF Dkt. #15 at 12; SSR 96–6p, 1996 WL 374180. The regulations require that "[u]nless the treating physician's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do work for us." 20 C.F.R. § 416.927(f)(2)(ii). An ALJ is not required to explain why he favored one examining opinion over another as the "good reasons" rule requiring an ALJ to explain the weight afforded a treating physician's opinion does not apply. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006). In addition, ALJs are not bound by the findings of state agency psychologists, "but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-8p. The regulations require an ALJ to "consider" all the medical opinions in the record as well as "evaluate" them considering the factors of 20 C.F.R. §§404.1527(c) and 416.927(c). 20 C.F.R. §§ 404.1527(b),(c), 416.927(b)(c). These factors include the examining relationship; the treatment relationship, including the length of the treatment relationship and the frequency of examination as well as the nature and extent of the treatment relationship; supportability; consistency; specialization; and other relevant factors that tend to support or contradict the medical opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

7

A claimant's RFC is an assessment of the most that a claimant "can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)1), 416.945(a)(1). An ALJ must consider all of a claimant's impairments and symptoms and the extent to which they are consistent with the objective medical evidence. 20 C.F.R. §§ 404.1545(a)(2)(3), 416.945(a)(2)(3). The claimant bears the responsibility of providing the evidence used to make a RFC finding. 20 C.F.R. §§ 404.1545(A)(3), 416.945(a)(3). However, the RFC determination is one reserved for the ALJ. 20 C.F.R. §§ 404.1545(c), 416.946(c); *Poe v. Comm'r of Soc. Sec.*, 342 Fed.Appx. 149, 157 (6th Cir. 2009) ("The responsibility for determining a claimant's [RFC] rests with the ALJ, not a physician."); SSR 96-5p, 1996 WL 374183, at *5. SSR 96-8p provides guidance on assessing RFC in social security cases. SSR 96-8p. The Ruling states that the RFC assessment must identify the claimant's functional limitations and restrictions and assess his or her work-related abilities on a function-by-function basis. *Id*. Further, it states that the RFC assessment must be based on *all* of the relevant evidence in the record, including medical history, medical signs and lab findings, the effects of treatment, daily living activity reports, lay evidence, recorded observations, effects of symptoms, evidence from work attempts, a need for a structured living environment and work evaluations. *Id*. SSR 96-8p further provides that:

> The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

SSR 96-8p.

In the instant case, the Court finds that the ALJ applied the proper legal standards in addressing the agency reviewing psychologists' opinions and the weight that he gave those opinions, and substantial evidence supports the ALJ's determination. In the instant case, the ALJ specifically referenced 20 C.F.R. §§ 404.1527, 416.927, and SSR 96-8p and he outlined the opinions of state agency reviewing psychologists, Drs. Tangeman and Zeune. Tr. at 17. He also set forth the weight that he attributed to these opinions as he indicated that he was affording them great weight. *Id.* at 19.

The Court does not find merit to Plaintiff's assertion that the ALJ violated SSR 96-8p by failing to explain why he did not adopt the specific limitations that Drs. Tangeman and Zeune opined of Plaintiff that he required repetitive instructions, assistance in making decisions regarding work goals, and having no over-the-shoulder supervisor scrutiny. ECF Dkt. #15 at 14. The Court first notes that two of the three limitations opined by Drs. Tangeman and Zeune were not definitive as they indicated that Plaintiff "*may* require some repetition" as to instructions, and "*may* need assistance in making independent decisions regarding work goals." Tr. at 85-86.

In addition, the ALJ's MRFC is not inconsistent with these three limitations. Drs. Tangeman and Zeune opined that Plaintiff may need repetitive instructions, and the ALJ limited Plaintiff to work involving simple, routine and repetitive tasks that do not require a production rate pace. Tr. at 17, 19. The agency reviewing psychologists opined that Plaintiff may need assistance in making independent decisions regarding work goals, and the ALJ limited Plaintiff to making simple work-related decisions in using his judgment and in dealing with changes in the work setting. *Id*.

And finally, Plaintiff is correct that the ALJ did not adopt the opinions of Drs. Tangeman and Zeune's opinions that Plaintiff could relate adequately in a work setting that has, among other limitations, no over-the-shoulder supervisor scrutiny, Tr. at 17. Substantial evidence supports his decision not to include this limitation and he did provide an adequate explanation for not adopting this limitation in his decision. The ALJ set forth this limitation in discussing the opinions of Drs. Tangeman and Zeune. *Id*. at 19. He then noted Plaintiff's indications that while he reported during his consultative examination that he had issues with co-workers in the past, he generally got along with people. *Id*. at 20. The ALJ also noted that agency examiner Dr. Davis opined that Plaintiff would have difficulty relating satisfactorily to others, but Dr. Davis did not opine that Plaintiff would need no over-the-shoulder scrutiny from supervisors. *Id*. Plaintiff reported to Dr. Davis that he did not believe that he has trouble getting along with people in positions of authority. *Id*. at 492.

9

Dr. Davis opined that Plaintiff was going to have difficulty relating satisfactorily to other people, but he acknowledged that Plaintiff was performing well enough that the owner of the motel that he worked at retained him to assign people to their rooms and do some jobs around the motel such as calling people when things needed to be repaired. *Id*. at 495.

In any event, as to all three of the limitations that Plaintiff complains the ALJ did not adopt, the ALJ was not required to adopt these limitations verbatim. *See Reeves v. Comm'r of Soc. Sec.*, No. 14-4140, 618 Fed. App'x 267, 275 (6th Cir. July 13, 2015), unpublished ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale.").

For these reasons, the Court finds that the ALJ applied the proper legal standards in considering and evaluating the opinions of Drs. Tangeman and Zeune, and he properly set forth the weight that he assigned to these opinions. In addition, the Court finds that the ALJ was not required to adopt all of the limitations that Drs. Tangeman and Zeune opined, he was not required to adopt any of the limitations verbatim, and he otherwise provided sufficient explanation and had substantial evidence for the limitations that he determined for Plaintiff's MRFC.

## VI. CONCLUSION

For the above reasons, the Court orders that the decision of the ALJ is hereby AFFIRMED and Plaintiff's complaint is hereby DISMISSED in its entirety WITH PREJUDICE.

Date: September 17, 2019              */s/George J. Limbert*
                                                           GEORGE J. LIMBERT
                                                           UNITED STATES MAGISTRATE JUDGE